UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACY ZIMMERMAN, AILEEN BARAJAS, and KATHERINE SUGGS,<br><br>Plaintiffs,<br><br>v.<br><br>THIRDLOVE INC.,<br><br>Defendant. | CASE NO. 2:26-cv-01106-JNW<br><br>ORDER TO SHOW CAUSE |

Plaintiffs filed this putative class action in Snohomish County Superior Court on February 26, 2026, against Defendant ThirdLove Inc. Dkt. No. 1-1. ThirdLove removed this action to this Court on April 1, 2026, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 at 3. Plaintiffs' complaint alleges that ThirdLove violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). Dkt. No. 1-1. Plaintiffs claim that ThirdLove sent emails containing "false or misleading subject lines, in violation of CEMA, that misrepresented the timing and availability of promotions, and therefore, fundamentally, ThirdLove's prices." *Id.* ¶ 75. On April 8, 2026, ThirdLove moved to

dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 6, and Plaintiffs opposed, Dkt. No. 15.

Before the Court can address ThirdLove's motion to dismiss, it must confirm its jurisdiction. Some courts in this District have found that named plaintiffs in similar CEMA/CPA class actions lack Article III standing and remanded the actions to state court. *See, e.g.*, *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's Int'l*, No. C25-1922-KKE, 2026 WL 2210133, at *3 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pled but then stayed the action pending the resolution of the Ninth Circuit appeals in *Montes v. Penney OpCo., LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. *See, e.g., Liss et al. v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026); *Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, Dkt. No. 62 (W.D. Wash. Aug. 25, 2026).

The removal and motion to dismiss briefing do not address the Article III standing issue under CEMA. The Court raises this issue on its own, as it must before reaching the merits of Defendants motion to dismiss. The Court will not reach these questions without the parties' input, so it ORDERS as follows:

1. ThirdLove must file a supplemental brief not to exceed five (5) pages by September 21, 2026, about (1) whether Plaintiffs have Article III standing and, if so, whether the action should be stayed pending the *Montes* appeals; and (2) whether the Court should, under CEMA, calculate damages on a per-email or per-recipient basis and, depending on that

answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.

2. Plaintiffs must file a responsive supplemental brief not to exceed five (5) pages by September 28, 2026.
3. The Clerk is DIRECTED to re-note the motion to dismiss, Dkt. No. 6, for September 28, 2026.

Dated this 10th day of September, 2026.

Jamal N. Whitehead
United States District Judge